**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

FILED
March 2, 2006

CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| **HAROLD B. CORNISH,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **Civil Action No. 3:04-cv-0579-R** |
| | § | |
| **TEXAS DEPARTMENT OF** | § | |
| **CRIMINAL JUSTICE et al.,** | § | |
| | § | |
| **Defendants.** | § | |

**MEMORANDUM OPINION AND ORDER**

Now before the Court is defendant Texas Department of Criminal Justice's ("TDCJ") Motion to Dismiss/Strike Plaintiff's Amended Complaint and Motion for Summary Judgment (filed January 23, 2006). Plaintiff has not responded to this motion or any other pending motion in this case. For the reasons explained below, the Court **DENIES** the Motion to Strike the Amended complaint; **GRANTS** the Motions to Dismiss the new claims for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted; and **GRANTS** the Motion for Summary Judgment.

## I. BACKGROUND

Plaintiff, Harold Cornish, alleges that he was unlawfully discriminated against because of his race when he was not hired for a position at the Office of the Inspector General for the Texas Board of Criminal Justice. Cornish originally brought suit under Title VII of the Civil Right Act of 1964, 42 U.S.C. §2000e *et seq.* against three state agencies: the Texas Department of Criminal Justice ("TDCJ"), the Texas Board of Criminal Justice Office of the Inspector General ("TBCJ-OIG"), and the Texas Board of Criminal Justice ("TBCJ"). No defendant ever filed a response to

1

the complaint; all defendants moved for dismissal.

TBCJ and TBCJ-OIG have already been dismissed from this suit.[1]  On appeal of that decision, the Fifth Circuit affirmed the Court's decisions that TBCJ-OIG is not a separate entity apart from TBCJ under the Texas Government Code and that Cornish had failed to exhaust his administrative remedies against TBCJ. Cornish's original claims against TDCJ are still pending.

Cornish has recently filed an amended complaint against all three defendants on November 8, 2005.  In his amended complaint, Cornish revives his original claims under Title VII and alleges new claims of racial discrimination and retaliation under 42 U.S.C. §§1981 & 1983, conspiracy to violate civil rights under 42 U.S.C. §1985, and unspecified violations of the Texas Labor Code (presumably violations of the Texas Commission on Human Rights Act).

## II. ANALYSIS

Defendants have moved to strike Cornish's amended complaint.  In the alternative, Defendants allege that Cornish's claims under 42 U.S.C. §§1981 and 1983 are barred by the Eleventh Amendment.  Additionally, they argue that Cornish's claims under the Texas Labor Code should also be dismissed because Cornish failed to exhaust his administrative remedies on those claims.  Lastly, Defendant TDCJ argues that it is entitled to summary judgment on Cornish's Title VII claims since it was not Cornish's employer.  The Court will address each motion in sequence.

### A.  Motion to Strike

Both TDCJ and TBCJ have moved to strike Cornish's amended complaint.  They argue that

---

[1] Cornish appealed this Court's order granting several motions to dismiss.  The Fifth Circuit held, in part, that Cornish's claims against the TBCJ-OIG are precluded because no such entity exists under the Texas Government Code, and, in any event, Cornish failed to exhaust his administrative remedies. *See Cornish v. Texas Bd. of Criminal Justice Office of the Inspector General*, 141 Fed.Appx. 298, 299 (5th Cir. 2005).  The Fifth Circuit also found that Cornish's Title VII claims against TBCJ were barred by his failure to exhaust administrative remedies. *Id.* at 300.

Cornish failed to properly amend his complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure because he neither sought leave to amend his complaint nor obtained their consent to any amendment. Def.'s Mot. at 1. In support of this argument, they emphasize that Rule 15 "states, as applicable: 'a party may amend the party's pleading only by leave of Court or by written consent of the adverse party.'" *See id*. (citing FED. R. CIV. P. 15). Defendants are mistaken. The portion of the statute that they cite only applies after a response to the challenged pleading has been served. That is not the case here.

Rule 15 explicitly states that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." FED. R. CIV. P. 15. Because no defendant has filed – much less "served" – a responsive pleading, Cornish is entitled to amend his complaint for the first time.[2]

### B.  Motion to Dismiss for Lack of Subject Matter Jurisdiction

Defendants have moved to dismiss Cornish's claims under 42 U.S.C. §§1981 and 1983 for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. Defendants contend that the Eleventh Amendment bars those claims. Although Defendant has not moved to dismiss Cornish's §1985 claim, the Court will also independently evaluate whether it has subject matter jurisdiction over that claim. *See, e.g., Geddie v. Seaton*, 2005 WL 3478114 *3 (N.D.Tex. 2005) ("Courts have the duty to raise the question of subject matter jurisdiction *sua sponte*...") (citing *Bridgmon v. Array Systems Corporation*, 325 F.3d 572, 575 (5th Cir. 2003)).

### 1.  Rule 12(b)(1) Standard

A motion to dismiss under Rule 12(b)(1) challenges a federal court's subject matter

---

[2] Defendants' argument that Cornish cannot raise new claims against TBCJ because it has been dismissed from the case is without merit.

jurisdiction. *See* FED. R. CIV. P. 12(b)(1). Federal courts are courts of limited jurisdiction; therefore, they have the power to adjudicate claims only when jurisdiction is conferred by statute or the Constitution. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir.1998). A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). The party wishing to invoke the court's jurisdiction bears the burden of proving that subject matter jurisdiction exists. *See Rodriguez v. Texas Commission on the Arts*, 992 F.Supp. 876, 879 (N.D.Tex.1998) ("The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction.").

In ruling on a motion to dismiss for lack of subject matter jurisdiction, a court may evaluate the complaint alone, the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Den Norske Stats Oljeselskap As v. HeereMac V.O.F.*, 241 F.3d 420, 424 (5th Cir. 2001), *cert. denied*, 534 U.S. 1127 (2002) (citing *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)). A court must take the facts as true and resolve inferences and doubts in the plaintiff's favor. *In re Supreme Beef Processors, Inc.*, 391 F.3d 629, 633 (5th Cir. 2004).

## 2. Eleventh Amendment Immunity

An Eleventh Amendment sovereign immunity defense challenges a court's subject matter jurisdiction. *See Ussery v. Louisiana*, 150 F.3d 431, 434 (5th Cir. 1998). A federal court does not have subject matter jurisdiction to hear claims that are barred by the Eleventh Amendment; therefore, any claims that are barred by sovereign immunity should be dismissed without prejudice.

4

*Warnock v. Pecos County*, 88 F.3d 341, 343 (5th Cir. 1996); *see also, Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (dismissal for lack of subject matter jurisdiction "is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction").

The Eleventh Amendment prevents individuals from suing a state in federal court. *See* U.S. CONST. AM. XI; *Seminole Tribe v. Florida*, 517 U.S. 44, 54 (1996). Eleventh Amendment immunity extends not only to the states themselves, but also to state agencies and departments. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Richardson v. Southern Univ.*, 118 F.3d 450, 452 (5th Cir.1997), *cert. denied*, 522 U.S. 1078 (1998). Both TBCJ and TDCJ are instrumentalities of the State of Texas and are immune from suit under the Eleventh Amendment. *See Harris v. Angelina County, Tex.*, 31 F.3d 331, 337 n. 7 (5th Cir.1994); *Loya v. Texas Dept. of Corrections*, 878 F.2d 860, 861-62 (5th Cir.1989); *Ruiz v. Estelle*, 679 F.2d 1115, 1136-37 & n. 75 (5th Cir. 1982) (dismissing claims against the board of the Texas Department of Corrections, predecessor of TDCJ, since board was "merely an agency of the state"), *cert. denied*, 460 U.S. 1042 (1983). Consequently, the Court must determine if an exception to Eleventh Amendment immunity applies in this case.

There are two limited circumstances in which a state, despite the Eleventh Amendment, may be required to answer in federal court for monetary damages. A state may be sued in federal court if (1) the state has waived its immunity or (2) Congress has clearly abrogated the state's immunity with respect to a particular cause of action. *See, e.g., College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 675 (1991) (waiver); *Quern v. Jordan*, 440 U.S. 332 (1979) (Congressional abrogation). Neither situation applies here. The record before the Court does not suggest that the State of Texas has consented to suit or has otherwise waived its sovereign

5

immunity in order to permit this suit to proceed against TBCJ or TDCJ.  Additionally, it is well-settled that claims under §1981, §1983, and §1985 do not override a state's Eleventh Amendment immunity.  *See Brandley v. Keeshan*, 64 F.3d 196, 200 (5th Cir. 1995); *Sessions v. Rusk State Hospital*, 648 F.2d 1066, 1069 (5th Cir. 1981); *Cerrato v. San Francisco Community College Dist.*, 26 F.3d 968, 972, 975 (9th Cir. 1994) (holding that the Eleventh Amendment bars §§1983 and 1985 claims against the states).

Lastly, to the extent that Cornish is also suing for declaratory or injunctive relief against TBCJ or TDCJ, those claims are also barred by the Eleventh Amendment since he has filed his claims against the entities themselves and not any individual officer in his or her individual capacity. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989). For these reasons, the Court concludes that Cornish's claims under 42 U.S.C. §§1981, 1983, and 1985 should be dismissed for lack of subject matter jurisdiction.

### C.  Motion to Dismiss for Failure to State a Claim

Defendant TBCJ has moved to dismiss Cornish's Title VII and Texas Labor Code/TCHRA claims against it for failure to exhaust administrative remedies.  It is the law of the case that Defendant failed to exhaust his Title VII claims against TBCJ; therefore, Cornish's Title VII claims against TBCJ will be dismissed.  *See Cornish*, 141 Fed.Appx. 298-99.  The Court must now determine if he exhausted his TCHRA claims against TBCJ.

### 1.  Rule 12(b)(6) Standard

A motion to dismiss under Rule 12(b)(6) is disfavored in the law and rarely granted.  *See Delhomme v. Caremark Rx Inc.*, 232 F.R.D. 573 (N.D.Tex. 2005) (citing, *inter alia*, *Thompson v. Goetzmann* 337 F.3d 489, 495 (5th Cir. 2003)).  When ruling on a Rule 12(b)(6) motion, the court

must accept all well-pleaded facts as true and view them in the light most favorable to the non-movant. *See Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002); *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995). The complaint will only be dismissed if it appears beyond doubt that the claimant can prove no set of facts in support of its claim that would entitle him or her to relief. *See Campbell*, 43 F.3d at 975; *Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir. 1994). The relevant question is not whether the claimant will prevail but whether it is entitled to offer evidence to support its claims. *See Cross Timbers Concerned Citizens v. Saginaw*, 991 F.Supp. 563, 571 (N.D.Tex. 1997). When reviewing a Rule 12(b)(6) motion, "courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint." *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 -18 (5th Cir. 1996).

### 2.  Failure to Exhaust Administrative Remedies

The Texas Commission on Human Rights Act ("TCHRA") "provide[s] for the execution of the policies of Title VII of the Civil Rights Act of 1964 and its subsequent amendments." Tex. Lab. Code § 21.001(1) (West 2005); *see also, Quantum Chem. Corp. v. Toennies*, 47 S.W.3d 473, 476 (Tex. 2001). Under the TCHRA, an employer commits an unlawful employment practice if he or she discharges an individual or discriminates in any other manner against an individual in connection with the terms, conditions, or privileges of employment because of race. Tex. Lab. Code §21.051 (West 2005).

As is the case under Title VII, the TCHRA requires a complainant to first exhaust his or her state administrative remedies and request a right to sue letter from the Texas Commission on Human Rights before filing a civil action. *See Jones v. Grinnell Corp.*, 235 F.3d 972, 975 (5th Cir. 2001). The Texas Supreme Court has held that the administrative and procedural requirements promulgated

by the Texas Commission on Human Rights are mandatory and jurisdictional. *See Schroeder v. Texas Iron Works, Inc.*, 813 S.W.2d 483 (Tex. 1991) (exhaustion of administrative remedies mandatory prerequisite to filing civil action); *Smith v. University of Texas Southwestern Medical Center*, 101 S.W.3d 185 (Tex.App.–Dallas 2003, no pet.) (failure to exhaust administrative remedies is a jurisdictional bar to under the Commission on Human Rights Act).

There is no evidence that Cornish filed an administrative claim under the TCHRA or requested a right to sue notice from the TCHRA. The evidence before the Court shows that Cornish filed a complaint with the EEOC that only named TDCJ as a defendant. For that reason, the Fifth Circuit found that this Court did not err in dismissing Cornish's Title VII claims against TBCJ for failure to exhaust administrative remedies. *See Cornish v. Texas Board of Criminal Justice,* 141 Fed.Appx. 298, 300 (5th Cir. 2005). For the same reason, the Court finds that Cornish also failed to exhaust his administrative remedies against TBCJ on his TCHRA claim and that claim should be dismissed for lack of subject matter jurisdiction.

### D.  Motion for Summary Judgment

Defendant TDCJ has moved for summary judgment on all claims against it. TDCJ argues that it was not Cornish's prospective employer under Title VII or the TCHRA and, therefore, cannot be sued under those statutes. Rather, TDCJ contends that the Office of Inspector General "reports to and is governed by the Texas Board of Criminal Justice [TBCJ]," not the Texas Department of Criminal Justice. *See* Def.'s Mot. at 4. For that reason, "[t]he persons making the decision as to who to hire for the position Plaintiff applied for were officials of the Texas Board of Criminal Justice [TBCJ]... [and] are not controlled by or directed in their duties by TDCJ or any of its employees." *Id.* at 6.

8

### 1.  Summary Judgment Standard

A court may enter summary judgment under Rule 56(c) of the Federal Rules of Civil Procedure when there is no genuine issue as to any material fact in the case and the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, (1986); *Melton v. Teachers Ins. & Annuity Ass'n of Am.*, 114 F.3d 557, 559 (5th Cir. 1997).

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 323; *Lynch Properties, Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir.1998).   Where the non-movant bears the burden of proof on a claim upon which summary judgment is sought, the movant may also discharge its initial burden by showing that there is an absence of evidence to support the nonmoving party's case.  *See Celotex*, 477 U.S. at 325.  Once the movant has met its initial burden, the non-movant must set forth specific facts, by affidavits or otherwise, showing that there is a genuine issue for trial.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Edwards v. Your Credit, Inc.*, 148 F.3d 427, 431-32 (5th Cir. 1998).  Summary judgment will be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex*, 477 U.S. at 322.

When weighing the evidence on a motion for summary judgment, the court must decide all reasonable doubts and inferences in the light most favorable to the non-movant.  *See Walker v. Sears, Roebuck & Co.*, 853 F.2d 355, 358 (5th Cir.1988); *Thornbrough v. Columbus & Greenville*

*R.R. Co.*, 760 F.2d 633, 640 (5th Cir. 1985).   As long as there appears to be some support for the disputed allegations such that "reasonable minds could differ as to the import of the evidence," the motion for summary judgment must be denied. *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 250 (1986).

Summary judgment may not be awarded by default merely because the non-moving party has failed to respond. *See Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 n. 3 (5th Cir. 1995) ("The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed."); *Perry Williams, Inc. v. FDIC*, 47 F.Supp.2d 804, 809 (N.D.Tex.1999).   The court may, however, grant summary judgment if the movant has made a *prima facie* showing that it is entitled to such relief.   See *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir.1988); Fed. R. Civ. P. 56(e).   The court may accept the facts set forth in support of the unopposed motion for summary judgment as undisputed.   *Eversley*, 843 F.2d at 174; *Perry Williams*, 47 F.Supp.2d at 809.

## 2.  TDCJ's status as an "employer" under Title VII and the TCHRA

A defendant who fails to qualify as an "employer" under Title VII cannot be held liable under that statute.   *See Yowman v. Jefferson Co. Comm. Supervision & Corrections Dept.*, 370 F.Supp.2d 568, 589 (E.D.Tex. 2005).   Determining whether a defendant is an "employer" subject to liability under Title VII "involves a two-step process."   *Deal v. State Farm County Mut. Ins. Co.*, 5 F.3d 117, 118 n. 2 (5th Cir.1993).   "First, the defendant must fall within the statutory definition [of an employer]... [and] [s]econd, there must be an employment relationship between the plaintiff and the defendant."   *Id.* (citing *Fields v. Hallsville Indep. Sch. Dist.*, 906 F.2d 1017, 1019 (5th Cir.1990), *cert. denied*,498 U.S. 1026 (1991)).   The same analysis applied to claims brought under

10

the TCHRA.[3]

With respect to the first inquiry, Title VII defines an "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees..." and any agents of such person. *See* 42 U.S.C. §2000e(b); *Oden v. Oktibbeha County, Miss.*, 246 F.3d 458, 465 (5th Cir. 2001). Moreover, a "person... includes one or more individuals, governments, governmental agencies, [or] political subdivisions." 42 U.S.C. § 2000e(a). The definition of "employer" under the TCHRA is almost identical.[4] Here, TDCJ is certainly a state agency that employs more than 15 people in a governmental industry that affects commerce. For that reason TDCJ meets the statutory definition of an "employer" under Title VII. The Court must now turn to the second inquiry under *Deal* and determine if TDCJ was Cornish's prospective "employer" for the position for which he applied.

The Fifth Circuit applies a "hybrid economic realities/common law control test" to determine if an employment relationship exists between a Title VII plaintiff and a defendant. *Deal*, 5 F.3d at 119 (citing *Mares v. Marsh*, 777 F.2d 1066 (5th Cir. 1985)); *Fields v. Hallsville Indep. Sch. Dist.*, 906 F.2d 1017, 1019 (5th Cir.1990), *cert. denied*, 498 U.S. 1026 (1991). The Fifth Circuit has held that "the most important factor" in determining whether an employer-employee relationship exists under Title VII is "the extent of the employer's right to control the 'means and manner' of the

---

[3] The analysis for Cornish's TCHRA claims against TDCJ is the same as the analysis under Title VII. "For an entity to qualify as an 'employer' subject to liability under the TCHRA, (1) it must fall within the statutory definition of employer; and (2) there must be an employment relationship between the parties." *Ancira Enterprises, Inc. v. Fischer*, 178 S.W.3d 82, 88 (Tex.App.--Austin 2005, no pet.).

[4] The definition of "employer" under the TCHRA is almost identical to the definition of the term under Title VII. *See* Tex. Lab. Code §21.002(8) (West 2005). The definition of "[e]mployer" under the Texas Labor Code includes "a person who is engaged in an industry affecting commerce and who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year." Tex. Lab. Code §21.002(8)(A).

11

worker's performance...'" *Bloom v. Bexar County, Tex.*, 130 F.3d 722, 726 (5th Cir. 1997) (citing

*Mares*, 777 F.2d at 1067).  The control component considers whether the alleged employer has the

right to hire and fire the employee, the right of supervise the employee, and the right to set his or her

work schedule.  *See Deal*, 5 F.3d at 119 (citation omitted).  Additionally, a court looking to the

"economic realities" of the relationship will "determine[] whether the alleged employer paid the

employee's salary, provided benefits, and set the terms of the employment relationship."  *See id.*

 The undisputed evidence now before the Court reveals that TDCJ would *not* have been

Cornish's employer had he been hired and was not responsible for his non-selection to the OIG

position.  TDCJ has submitted the affidavit of John Moriarty, the Inspector General of the Texas

Board of Criminal Justice [TBCJ].  Moriarty's affidavit states that the Office of the Inspector

General is directly responsible to the Inspector General, who is directly responsible to TBCJ – not

TDCJ.  *See* Def.'s Ex. 2.  Moriarity provides the following explanation of the interrelationship

between the offices and the rationale for why the OIG is not affiliated with TDCJ:

> The Offices of the Inspector General was created by the Texas Board of Criminal
> Justice as an oversight entity to provide investigative functions for the Board.  The
> office of the Inspector General does not report to the Texas Department of Criminal
> Justice and is an independent investigative law enforcement agency solely
> responsible to the Board.  Within this office's duties are the investigation of alleged
> misconduct or alleged violations of law by Texas Department of Criminal Justice
> employees up to an including the Executive Director of the Texas Department of
> Criminal Justice.  No Texas Department of Criminal Justice employee is within the
> chain of command of any Texas Board of Criminal Justice-Office of the Inspector
> General employee and no Texas Department of Criminal Justice employee, including
> the Texas Department of Criminal Justice Executive Director has any supervisory
> control over any employee of the Office of the Inspector General.  In fact, the Texas
> Board of Criminal Justice has supervisory authority over the Texas Department of
> Criminal Justice and appoints its Executive Director just like it appoints the Inspector
> General.

Def.'s Ex. 2.  Additionally, Moriarity states that it was the OIG – not TDCJ – that declined to select

Cornish for the position.  *See id.*  Even if he had been hired, Moriarity states in his affidavit that he would have been an employee of TBCJ, not TDCJ.  *See id.*

On these undisputed facts, the Court finds that TDCJ had no control over hiring Cornish. TDCJ did not make the hiring decision for which he has sued.  It would not have set his work schedule.  It would not have paid his salary and would not have provided him with any benefits had he been hired.  TDCJ would not have set the terms of Cornish's employment and would not have supervised him if he had been hired.  There is no evidence that a prospective employment relationship existed between TDCJ and Cornish.  Consequently, the Court finds that the no genuine issue of material facts exists as to whether TDCJ would have been Cornish's "employer" under Title VII.  The undisputed evidence conclusively establishes otherwise.  The same is true for Cornish's state law claims under the TCHRA.  Cornish cannot sue TDCJ under Title VII or the TCHRA for his nonselection, and TDCJ is entitled to judgment as a matter of law on both claims.

## III.  CONCLUSION

13

For the reasons stated above, the Defendants' motions are **GRANTED IN PART** and **DENIED IN PART**.  Specifically, the Court enters the following rulings:

1.  Cornish's claims under 42 U.S.C. §§1981, 1983, and 1985 are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction;

2.  Cornish's Texas Labor Code claims against TBCJ are **DISMISSED WITH PREJUDICE** for failure to exhaust administrative remedies;

3.  Cornish's Title VII claims against TBCJ are **DISMISSED WITH PREJUDICE** for failure to exhaust administrative remedies; and

4.  No genuine issue of material fact remains on Cornish's Title VII or TCHRA claims against TDCJ, and those claims are hereby **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

**ENTERED: March 2, 2006**

_____
**JUDGE JERRY BUCHMEYER**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**

14